(C. D. 152)

BRIARWOOD CORPORATION *v.* UNITED STATES

</div>

<div align="center">

United States Customs Court, Third Division

(Decided April 24, 1939)

</div>

*E. D. Howald* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

<div align="center">

Before CLINE, EVANS, and KEEFE, Judges

</div>

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of Cleveland erroneously classified certain articles invoiced as "Compressed meerschaum cups" upon which duty was assessed at the rate of 5 cents each and 60 per centum ad valorem under the provisions of paragraph 1552 of the Tariff Act of 1930.

The plaintiff claims that duty should have been assessed at 60 per centum ad valorem only under paragraph 1552 or at 30 or 40 per centum ad valorem under paragraph 214. No evidence was introduced to substantiate the claim under paragraph 214 and that claim will therefore be disregarded. The two portions of paragraph 1552 herein under consideration read as follows:

PAR. 1552. * * * pipes, pipe bowls, cigar and cigarette holders, not specially provided for, and mouthpieces for pipes, or for cigar and cigarette holders, all the foregoing of whatever material composed, and in whatever condition of manufacture, whether wholly or partly finished, or whether bored or unbored, 5 cents each and 60 per centum ad valorem; * * * and all smokers' articles whatsoever, and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware, 60 per centum ad valorem * * *.

The report of the appraiser, forwarded by the collector with the papers, states that "The merchandise consists of pipe bowls." The articles were evidently classified under the provision for "pipe bowls" in the section of paragraph 1552 first above quoted and the plaintiff claims that the articles are dutiable as "all smokers' articles whatsoever" under the second section.

At the trial a witness from the importing firm produced a sample of the imported merchandise which was received in evidence and marked "Exhibit 1." He testified that the importer is a manufacturer of smokers' pipes, cigarette lighters, etc.; that Exhibit 1 is used as a liner in a gourd pipe; that the gourds come in different sizes and the manufacturer tries to select one of the imported articles which fits each gourd, but they seldom fit, and it is usually necessary to trim both the gourds and the articles like Exhibit 1 to make them fit each other; and that the exhibit is a lining for a pipe bowl.

The body of Exhibit 1 is in the shape of a small cup having a wide flange or rim around the top edge and a round bottom in which a small hole is bored. The merchandise is described in the invoice as "compressed meerschaum cups" and was referred to by counsel for the plaintiff as "meerschaum cups," but there is no direct evidence in the record tending to show the material of which the exhibit is composed. No testimony was introduced in support of the collector's classification.

It has been held that the uncontradicted testimony of a single witness is sufficient to make out a *prima facie* case, citing *J. L. Hudson Co.* v. *United States*, T. D. 47119, and that the presumption of correctness of the collector's classification cannot be regarded as having evidential value and cannot be weighed against competent evidence produced at the trial, citing *Morse Bros. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 553, T. D. 41432; *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. 469, T. D. 44761; *Marshall Field & Co.* v. *United States*, 20 C. C. P. A. 225, T. D. 46037.

We find from the record in this case that the imported articles are linings for smokers' pipes and hold the same dutiable at 60 per centum ad valorem under the provision for "all smokers' articles whatsoever" in the second section quoted above from paragraph 1552. That claim in the protest is sustained, and, to that extent, judgment will be entered in favor of the plaintiff.