## (C. D. 1311)

### Joseph I. Nachman v. United States

United States Customs Court, Third Division

(Decided March 15, 1951)

*Joseph I. Nachman* appeared on his own behalf.

*David N. Edelstein*, Assistant Attorney General (*Guy G. Ribaudo* and *William J. Vitale*, special attorneys), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Cline, Judge: This is a protest, arising at the port of Baltimore, against the collector's assessment of duty on tobacco pipes at 5 cents each and 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930. It is claimed that the articles are dutiable at 1¼ cents each and 15 per centum ad valorem under paragraph 1552, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as "pipes * * * having clay bowls (not including meerschaum) and mouthpieces of material other than clay."

At the trial counsel for the Government read into the record the following stipulation previously agreed to by the plaintiff appearing in person:

(1) A smoker's pipe representative of the imported articles herein may be received in evidence as Exhibit #1 and I herewith move its admission. [Exhibit received and marked "Plaintiff's Exhibit #1."]

(2) That Plaintiff's Exhibit #1 when unassembled consists of four parts, i. e., (a) mouthpiece or stem made of a composition of rubber; (b) outer bowl made of bakelite. (c) a clay insert or filter which fits into the bakelite outer bowl and (d) the liner or tobacco bowl made of clay with an irremovable bakelite rim, the whole of which screws into the bakelite outer bowl.

(3) That the protest may be submitted upon this stipulation of facts and that the plaintiff may be allowed 30 days from the date of transcript of the record within which to file a memorandum herein and that counsel for the Government may have 30 days thereafter in which to reply.

The pertinent provisions of the Tariff Act of 1930 are as follows:

PAR. 1552. Pipes and smokers' articles: * * * pipes, * * * not specially provided for, * * * of whatever material composed, and in whatever condition of manufacture, whether wholly or partly finished, or whether bored or unbored, 5 cents each and 60 per centum ad valorem; * * *.

PAR. 1552 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. Tobacco pipes, not specially provided for, having clay bowls (not including meerschaum) and mouthpieces of material other than clay, 1¼¢ each and 15% ad val.

Plaintiff claims that a "pipe bowl" is that portion of the pipe which holds the tobacco and in which the tobacco burns; that the term "bowl" in paragraph 1552, as modified by T. D. 51802, is used in this sense; and that since the inner bowl of the merchandise involved herein is made of clay, said merchandise is dutiable as pipes having clay bowls and mouthpieces of other material.

We are unable to agree with this contention. The bowl of the pipe involved herein consists of three parts, an outer bowl made of bakelite, a clay insert or filter which fits into the outer bowl, and a liner or tobacco bowl made of clay with an irremovable bakelite rim. Each of the parts has a special purpose and the pipe will not function as it is designed to do unless all the parts are used simultaneously. Therefore, all of the parts together compose the "bowl."

The provisions in both the Tariff Act of 1930 and the General Agreement on Tariffs and Trade, T. D. 51802, refer to pipes, bowls, and mouthpieces and make no mention of the component parts of either bowls or mouthpieces. It is clear, therefore, that the term "bowl" means the entire bowl of the pipe and not the inner portion thereof.

In this connection, see *Briarwood Corporation* v. *United States*, 2 Cust. Ct. 321, C. D. 152. That case involved articles invoiced as "compressed meerschaum cups," described in the decision as small cups having a wide flange or rim around the top edge and a round bottom in which a small hole was bored. The merchandise was assessed with duty at 5 cents each and 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930 as pipe bowls. The court held that the articles were linings for smokers' pipes and were dutiable at 60 per centum ad valorem under the provision in paragraph 1552 for "all smokers' articles whatsoever."

Similarly, the inner bowl of the instant merchandise is a lining and not a pipe bowl.

Plaintiff also contends that there is no requirement that the bowl be wholly or in chief value of clay. The general rule is that where a tariff statute provides for an article of a specified material without declaring to what extent it must be composed of that material, it is confined to merchandise of which the specified material is that of

chief value or is the predominant one therein. *United States* v. *Guy B. Barham Co. for University Shoppe*, 26 C. C. P. A. 83, T. D. 49614, and cases there cited; *Sheffler Merchandise Co., Inc.* v. *United States*, 35 C. C. P. A. 63, C. A. D. 372.

In the instant case the outer bowl of the pipe is composed of bakelite, the inner bowl is made of clay with a bakelite rim, and between the two is fitted a clay filter. Bakelite is not clay, but is a synthetic resin formed by the condensation of phenols and formaldehyde. (Webster's New International Dictionary, Second Edition.) The pipe bowl is not predominantly of clay and there is nothing to show that clay is the component material of chief value.

Plaintiff refers to other provisions of paragraph 1552, as modified by T. D. 51802, which cover "Common tobacco pipes and pipe bowls made wholly of clay" and "Tobacco pipe bowls, wholly or in chief value of brier or other wood or root," and claims that the omission of the words "wholly" or "in chief value" from the instant provision indicates that the pipe bowls covered thereby do not have to be wholly or in chief value of clay.

To support plaintiff's contention the word "clay" would have to be construed "in part of clay." The provision now under consideration previously appeared in the trade agreement with the Netherlands, T. D. 48075. In the Digest of Trade Data, issued in connection therewith, the following appears (pp. 151–152):

Tobacco pipes embraced by the new tariff classification are made with clay bowls and mouthpieces of material other than clay, usually hard rubber, wood, or synthetic resin. The bowls often have a fine polish and are either white or slightly colored. These pipes are not to be confused with pipes having clay bowls and clay stems, which are dutiable under another classification at a different rate of duty.

\*       \*       \*       \*       \*       \*       \*

In comparison with other pipes, clay pipes, due largely to their brittleness and propensity to become overheated, find only a limited market among smokers. This rather small market for clay pipes is supplied in part by pipes made wholly of clay and in part by those having clay bowls and stems of other material, the type on which the rate of duty has been lowered.

Many of the pipes of this type imported from the Netherlands, practically the sole source, are of heavier bowl construction than the ordinary clay pipe, are well moulded, and have a better appearance because of their superficial resemblance to meerschaum.

This indicates that the negotiators of the trade agreement were thinking of pipe bowls predominantly of clay and not those in part of clay. See also Summaries of Tariff Information, 1948, Vol. 15, Part 9, p. 97, as follows:

Clay tobacco pipes and bowls are made of red or white clays or clay that burns white in the manufacturing process. \*   \*   \*

We hold, therefore, that the merchandise herein is properly dutiable as assessed by the collector at 5 cents each and 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930, as pipes, not specially provided for, and not at 1¼ cents each and 15 per centum ad valorem under paragraph 1552, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as "pipes   *   *   *   having clay bowls (not including meerschaum) and mouthpieces of material other than clay." The protest is overruled and judgment will be rendered for the defendant.